**UNITED STATES Of America,**
**Appellee,**

v.

**John P. BIAGINI, Sr., Defendant–**
**Appellant.**

**No. 02–1352.**

United States Court of Appeals,
Second Circuit.

Aug. 13, 2003.

Andrew T. Baxter, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, Barbara D. Cottrell, Senior Litigation Counsel, on the brief), Albany, NY, for Appellee.

Anthony J. La Fache, Utica, NY, for Defendant–Appellant.

Present: JACOBS and SOTOMAYOR, Circuit Judges.*

### *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED**

---

* The Honorable Fred. I. Parker, who was a member of the panel, died following argument, and the appeal is being decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. R. § 0.14(b).

**AND DECREED** that the judgment of the district court be **AFFIRMED**.

John P. Biagini, Sr., appeals from a final judgment entered in the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Chief Judge*), convicting him of conspiring to defraud the United States government, in violation of 18 U.S.C. § 371, and sentencing him to (*inter alia*) a term of imprisonment of 37 months. On appeal, Biagini argues that the district court erred at sentencing by imposing a "horizontal" departure from III to IV in his criminal history category.

The proceedings below satisfy the three-part test articulated in *United States v. Khalil*, 214 F.3d 111, 124 (2d Cir.2000). The district court adopted the factual findings and guidelines application in the presentence report ("PSR"), which relied on § 4A1.3 of the U.S. Sentencing Guidelines ("U.S.S.G." or the "Guidelines"), to recommend an upward departure in criminal history category on the ground that the otherwise applicable category "does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. The district court horizontally departed on the basis that Biagini was a likely recidivist, citing four prior uncounted sentences for burglary offenses and Biagini's continuation (after he began cooperating with authorities) of the criminal operation that was the subject of the instant offence.

█ We affirm. U.S.S.G. § 4A1.3 is a proper ground for an upward departure; the district court's factual findings as to Biagini's likely recidivism are not clearly erroneous; and, in light of these findings, the one-level departure was not unreasonable. *See* 18 U.S.C. § 3553(b)(1) (departure appropriate where "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission"); *Khalil*, 214 F.3d at 124 (stating that "an upward departure based solely on ordinary concerns over recidivism falls squarely under § 4A1.3" (citing *United States v. Tropiano*, 50 F.3d 157, 163 (2d Cir.1995))).

█ We also reject Biagini's argument that was afforded insufficient notice. He had notice that the court was considering an upward departure; the PSR identified criminal history as a possible ground for departure; and he correctly assumed that this would form the basis for the departure, and responded to the court's notice accordingly.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.